UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21251-CIV-ALTONAGA/SIMONTON

**GABY KAFIE,**

    Plaintiff,

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE CO.,**

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

This matter arose upon the Plaintiff's Motion to Compel Production of Documents (DE # 43) and the Plaintiff's Motion to Compel Deposition of Wanda Lewis-Baldwin (DE # 49). The Defendant has filed a Response to both Motions (DE ## 52, 55), and the Plaintiff has filed a Reply to the Motion to Compel Production of Documents (DE # 56). The Honorable Cecilia M. Altonaga, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 9). A hearing was held on the Motions on October 6, 2011 wherein the undersigned orally ruled on the Motions. This Order sets forth and incorporates those rulings. Accordingly, for the reasons stated at the hearing and as set forth below, the undersigned grants the Motion to Compel Production of Documents, in part, and Denies the Motion to Compel the Deposition of Wanda Lewis-Baldwin.

    I.    **BACKGROUND**

This matter was initiated when the Plaintiff filed a two-count Complaint alleging that Defendant Northwestern Mutual Life Insurance Company acted in bad-faith in its handling of an insurance claim filed by the Plaintiff pursuant to a disability-income

policy issued by the Defendant.  Prior to the initiation of the instant action, Plaintiff Kafie had prevailed against the Defendant at trial in a breach of contract action arising from the Defendant's termination of the payment of benefits and demand for reimbursement of benefit payments for the claims made by the Plaintiff under that same disability-income policy.  *See Kafie v. Northwestern Mutual Life Ins. Co.*, Case No. 09-20948-CIV-UNGARO.

The Defendant filed a Motion to Dismiss the Plaintiff's Complaint which was granted by the Court, and the Plaintiff then filed a one-count Amended Complaint alleging that the Defendant violated various Florida Statutes by handling the Plaintiff's disability insurance claim in bad faith (DE # 24 at 9).

The Plaintiff has now filed two Motions to Compel seeking to compel the production of certain personnel files, as well as the deposition of Wanda Lewis-Baldwin, one of the claims adjusters who was involved in processing the Plaintiff's insurance claim.

    II.    <u>MOTION TO COMPEL PRODUCTION OF PERSONNEL FILES</u>

        A.    <u>The Arguments of the Parties</u>

The Plaintiff filed this Motion seeking to compel the production of documents responsive to Request No. 18 of the Plaintiff's First Set of Requests for Production which requested the personnel files of any person employed by the Defendant who participated in the handling of the Plaintiff's disability claim (DE # 43 at 2). The Request specifically excluded any production of medical information of the various personnel, but expressly sought, among other things, the production of the original employment applications and educational records of those employees.

Both in its written response to the Plaintiff's Request for Production and in its

opposition to the Motion to Compel, the Defendant contended that the request was overbroad because it sought all materials, other than medical information, contained in the employee files, much of which was not relevant to the claims being litigated.  In addition, the Defendant asserted that production of the requested information would violate the privacy rights of the Defendant's employees.  Finally, the Defendant objected to the request as unduly burdensome to the extent that it sought the files for all employees who may have participated in the handling of the Plaintiff's claims, which the Defendant estimated to be more than twenty employees.

In Reply, the Plaintiff asserted that Counsel for Mr. Kafie had already stipulated to the confidentiality of any personnel files produced and contended that the Defendant had failed to demonstrate that the request was unduly burdensome.

At the hearing on the Motion, the Plaintiff clarified that it only sought the personnel files for six employees of the Defendant and thus contended that the request was relatively limited and not burdensome.  In addition, the Plaintiff confirmed that he did not seek to obtain the medical files of the Defendant's employees and also confirmed the he had agreed to abide by a confidentiality agreement regarding limiting the use of the employee files only for purposes of this litigation.  Further, the Plaintiff argued that the information contained in these files was relevant to the central issue in this matter regarding whether the Defendant properly handled the processing of the Plaintiff's claim, specifically, for example, whether the adjusters involved in processing the claim were qualified to evaluate the Plaintiff's claim, and whether they had incentives to deny claims or use inadequate methods for evaluating the claims.

In response, the Defendant generally argued that the employee records should not be disclosed and again specifically argued that personal information of the

employees was not relevant to this action and that disclosure of such information would violate those employees' privacy rights.

      B.    <u>Analysis</u>

Based upon the claims at issue in this case and as stated at the hearing, the undersigned concludes that evaluation of the work performance and discipline of the relevant employees, as well as the education and training of those employees may be relevant to ascertaining why the Plaintiff's claim was handled in a particular manner. Similarly, the compensation paid to those adjusters/employees may be relevant to determining whether, in processing or disposing of claims, including the Plaintiff's claim, the adjusters were motivated by financial incentives or bonuses.

Accordingly, as ruled at the hearing, the undersigned concludes that to the extent that the requested personal files contain information regarding how the employees handle claims, how the employees were compensated and evaluated, and the employees' education and training and handling of other claims, the files may be relevant and thus are discoverable. This ruling is consistent with various other decisions of this Court. *See, e.g., Johnson v. Geico General Ins. Co.,* No. 07-80310-CIV, 2007 WL 3344253 (S.D. Fla. Nov. 7, 2007); *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV, 2007 WL 4893477 (S.D. Fla. Nov. 1, 2007); *Nowak v. Lexington Ins. Co.*, No. 05-21682-CIV, 2006 WL 3613766 (S.D. Fla. Jun. 12, 2006). Therefore, the Defendant shall produce the personnel files of those persons identified at the hearing who were involved in the determination of the denial of benefits to the Plaintiff, including information related to those employees' job performance, compensation, evaluation, discipline, training,

educational background, work duties and hours of work.[1]  However, the Defendant may redact personal information not relevant to those issues, including medical information, life insurance, family information and investment information to the extent it does not reflect the compensation paid by the Defendant to that employee. The Defendant must make clear that certain information has been redacted and must identify the nature of that information, *e.g.*, social security numbers, familial details, etc.

## II.     MOTION TO COMPEL DEPOSITION OF WANDA LEWIS-BALDWIN

### A.     The Position of the Parties

In the Motion to Compel, the Plaintiff requested that the Court compel Ms. Baldwin, a claims adjuster involved in the denial of benefits for the Plaintiff, to appear for a deposition.  The Plaintiff asserted that the Defendant had previously agreed to produce Ms. Lewis-Baldwin for a deposition but now would not produce her because the Defendant contended that she was on disability leave, but did not disclose the nature of that disability.

In Response, Counsel for the Defendant asserted that neither the Defendant's representatives nor the Defendant's counsel could force Ms. Lewis-Baldwin, who is not an officer of the Defendant Corporation, to appear at a deposition because she is on disability leave (DE # 55 at 2).  Counsel for the Defendant indicated that neither he nor the client representatives of the Defendant knew the nature of Ms. Lewis-Baldwin's disability; nor could they find out absent a court order due to medical privacy

---

[1] The persons identified at the hearing were Dr. David Zimmerman, Joel Lucas, Wanda Baldwin-Lewis, Cheryl Cox-Newsome, and Neil Kern. Dr. Marilyn Cale was also identified but she is not an employee of the Defendant. In addition, as stated below, as to Ms. Baldwin-Lewis, the Defendant must produce the personal contact and medical information portions of her personnel file.

protections.

Prior to the hearing, the Defendant filed a medical opinion from one of Ms. Lewis-Baldwin's treating physicians that provided a conclusory opinion that she is not well enough to be deposed in this action (DE # 58 at 5).  The opinion did not provide any information regarding the nature or expected duration of her disability.

At the hearing, the Plaintiff acknowledged that the letter from Ms. Lewis-Baldwin's physician demonstrated that the Defendant was unable to produce her for a deposition.  In addition, Counsel for the Defendant stated that when he agreed to produce Ms. Baldwin for a deposition, he was not aware that Ms. Baldwin was not working because of her disability.

      B.     <u>Analysis</u>

Under the facts of this case, as stated at the hearing and for the following reasons, the undersigned denies the Plaintiff's Motion to Compel Ms. Lewis-Baldwin for deposition. Defendant's Counsel does not represent Ms. Lewis-Baldwin and does not have control over her.  Thus, Ms. Baldwin-Lewis  must be subpoenaed to appear at a deposition. However, because Counsel for the Defendant does not have the authority to accept a subpoena on her behalf, the Plaintiff must serve Ms. Lewis-Baldwin personally in order to procure her attendance at a deposition. To that end, the Defendant shall immediately provide Ms. Lewis-Baldwin's contact information including her home address, telephone numbers and list of family members with whom she resides, to the Plaintiff.  The Plaintiff may serve a subpoena on Ms. Lewis-Baldwin and take her deposition any time prior to trial.  The discovery period, which ended on August 24,

2011, is only extended with regard to taking Ms. Baldwin's deposition.[2]

In addition, the undersigned notes that although the Court accepts the note submitted from Ms. Lewis-Baldwin's physician as establishing that she is on disability and to demonstrate that the Defendant does not have control over Ms. Baldwin, the note is insufficient to establish that she is unable to provide testimony prior to trial. Thus, the Court does not reach the issue of whether Ms. Lewis-Baldwin is medically unable to attend a deposition prior to the trial, rather, because Counsel for both Parties agreed to Ms. Lewis-Baldwin's deposition being taken after the discovery period, the Court only determines that the Plaintiff must subpoena Ms. Lewis-Baldwin to secure her presence at that deposition, rather than having the Defendant compelled to produce her for a deposition.

Finally, unlike the other personnel files, the medical information contained in Ms. Lewis-Baldwin's personnel file is relevant because she has raised the issue of her medical condition for purposes of not being required to appear for a deposition. Therefore, the Defendant must produce the entire personnel file for Ms. Baldwin including her medical information contained in the file. However, based upon the request of defense counsel, her social security number may be redacted.

III.   **CONCLUSION**

Therefore, based upon a review of the record as a whole and for the reasons stated on the record at the hearing, it is hereby

---

[2] The undersigned is aware that the Defendant's Motion for Enlargement of Pre-Trial Deadlines requesting that the discovery period be extended by sixty days was denied by the Court (DE # 46). However, in that Order the Court stated that the Parties could by agreement extend the time to complete discovery. Thus, the instant Order does not alter that ruling but rather permits the Parties to seek Court relief related to issues arising from Ms. Lewis-Baldwin's deposition.

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Compel Production of Documents (DE # 43) is **GRANTED, in part**.  The Defendant shall produce the requested personnel files with appropriate redactions as described above, on or before the close of business on Friday, October 7, 2011, for any witness scheduled to be deposed on Monday, October 10, 2011.  The personnel file for any witness scheduled to be deposed on Tuesday, October 11, 2011, shall be produced by the close of business on Monday, October 10, 2011.  The remainder of the personnel files shall be produced by the close of business on Wednesday, October 12, 2011.  That production shall include Ms. Lewis-Baldwin's personnel file, including her personal contact and medical information contained in that file.

It is further

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Compel Deposition of Wanda Lewis-Baldwin is **DENIED**.  However, the Plaintiff may seek to depose Ms. Lewis-Baldwin by serving a subpoena personally on Ms. Lewis-Baldwin.  In addition, the Defendant shall provide the contact information for Ms. Lewis-Baldwin as set forth above forthwith, and in no event later than noon on Friday, October 7, 2011.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 6, 2011.

                                                                       ANDREA M. SIMONTON
                                                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Cecilia M. Altonaga,
    United States District Judge
All counsel of record via CM/ECF